## HORBACH *v.* PORTER.
## HORBACH *v.* BROWN.

### APPEALS FROM THE SUPREME COURT OF THE TERRITORY OF NEBRASKA.

Nos. 189, 190. Submitted December 1, 1865. — Decided December 18, 1865.

When two parties acquire title to the same tract of land from the same grantor, if the later grantee takes his deed with knowledge that the first grantee is in possession of the land, and has enclosed it, and is cultivating it, he is chargeable with knowledge of all the equitable rights of the first grantee with which an inquiry would have put him in possession.

THE case is stated in the opinion.

MR. JUSTICE MILLER delivered the opinion of the court.

In these two cases the facts are the same, and the questions suggested by the records are exclusively questions of fact.

It is charged in the bill that Horbach, one of the defendants, having sold the land which is the subject of the controversy, and received the consideration for it, afterwards caused the equitable title under which he then claimed to be set aside by the Secretary of the Interior, and procured a patent to himself, for the land thus sold; and that he then conveyed the land to Wiggins, his co-defendant in these suits.

The plaintiffs are purchasers from Horbach's first vendee, and charge that Wiggins purchased with notice of their rights.

We are of opinion that the evidence sustains the allegations of the bill, although the answer of Wiggins denies them.

It is made pretty clear by the testimony that the charges against Horbach are true. And although it is not shown that Wiggins had any participation in this fraud, or that he had actual knowledge of the rights of plaintiffs when he purchased from Horbach, and

received the legal title, a case of constructive notice of those rights is well made out.

The plaintiffs in both cases were in possession of the land, having it enclosed by fence, and in actual cultivation at the time Wiggins bought of Horbach. This was sufficient to put him upon the inquiry, and if he had inquired he would have received full information of the superior equitable claims of complainants.

The plaintiffs in accordance with these views had decrees for conveyance of the legal title in the District Court in which the cases were first tried, and these decrees were affirmed on appeal by the Supreme Court of the Territory of Nebraska. On a simple matter of conflict of testimony like this, in which we are able to concur fully with the judgments of two courts which have already passed upon the same record, we do not deem it necessary to give any minute criticism upon the testimony on which these decrees are founded. *They are therefore affirmed with costs.*

*Mr. J. J. Reddick* for appellants.

*Mr. J. M. Carlisle* and *Mr. James M. Woolworth* for appellees.